UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 1:03-CR-79 |
| | § | |
| LETTERICK RODGERS | § | |

REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT
OR SUMMONS FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed September 14, 2006, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

I. The Original Conviction and Sentence

Defendant was sentenced on December 19, 2003, before The Honorable Ron Clark, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of Possession of a Prohibited Object, Marijuana, In a Federal Prison, a Class D felony. This offense carried a statutory maximum imprisonment term of 5 years.

The guideline imprisonment range, based on a total offense level of 4 and a criminal history category of III, was 0 to 6 months.  Defendant was subsequently sentenced to 3 months imprisonment followed by three years supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare, community confinement, completion of a GED program, mental health referral and treatment, and financial disclosure.

## II.  The Period of Supervision

On February 28, 2006, defendant completed his period of imprisonment and began service of the supervision term.

## III.  The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on September 14, 2006.  The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| Mandatory Condition: | Defendant shall not commit another federal, state, or local crime |
| Special Condition: | Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, except as prescribed by a physician. |

As grounds, the petition alleges that defendant was arrested for the offense of Possession of Marijuana by the Garrison, Texas, Police Department on March 23,

2006, less than one month after being released from federal prison.  The petition further alleges that defendant was also indicted for the federal offense of Bank Robbery on April 19, 2006, and pled guilty to this offense on July 6, 2006.  The petition also alleges that on March 28, 2006, defendant submitted a urine sample which tested positive for marijuana.

### IV.  Proceedings

On November 7, 2006, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release.  If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a mandatory condition of supervised release that he not commit another federal, state, or local crime, by committing the federal crime of Bank Robbery.  The government thereupon agreed not to proceed against defendant on the remaining allegations.

### V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may

revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision.  The original offense of conviction was a Class D felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is two years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a mandatory condition of supervised release by committing the federal offense of Bank Robbery, defendant will be guilty of committing a Grade A violation.  U.S.S.G. § 7B1.3(a)(1) indicates upon a finding of a Grade A violation, the court shall revoke probation or supervised release.  U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of III, the guideline imprisonment range is 18 to 24 months.  In addition, any sanction imposed upon revocation of supervised release is to be served consecutively to any other term of imprisonment imposed for any criminal conduct that is the basis of the revocation.  See U.S.S.G. Manual ch. 7, pt. B, introductory cmt. (2004).

## VI.  Application and Discussion

In allocution, defendant and his counsel requested that any sentence imposed for violation of the terms of supervised release be served concurrently with the defendant's existing federal sentence for Bank Robbery.  Acknowledging that the

sentencing guidelines and the policy statements in the guidelines state that the sentences should be served consecutively, the defense nevertheless argued that 18 U.S.C. § 3584(a) *permits* the court to impose either concurrent or consecutive prison terms.

That statute does authorize the court to impose concurrent sentences, but directs the court when determining whether to impose concurrent or consecutive sentences to consider factors set forth in 18 U.S.C. § 3553(a) which are as follows:

1. The nature and circumstance of the offense and the history and characteristics of the defendant;

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner;

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced;

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

The undersigned has carefully considered each of the factors listed in Section 3553(a), as well as the factors listed in 18 U.S.C. §§ 3583(e). None suggest that a concurrent revocation sentence is appropriate. However, given that imposition of a

consecutive sentence will result in defendant serving an extended incarceration, and that upon release he will be placed on supervised release for an additional three years as part of his bank robbery sentence, there is no compelling reason for imposing either a maximum revocation sentence or an additional term of supervised release upon completion of the revocation sentence. Therefore, the undersigned makes the following findings and conclusions:

**Findings:**

Defendant pleaded "true" to the allegation that he violated a mandatory condition of supervised release by committing the federal offense of Bank Robbery. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), defendant violated conditions of supervised release in the manner alleged in the petition. Defendant's violations are Grade A violations with policy guidelines suggesting 18 to 24 months imprisonment upon revocation.

**Conclusion:**

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by failing to refrain from unlawful use of a controlled substance. As such, incarceration appropriately addresses defendant's violation.

## RECOMMENDATIONS

1. The court should find that defendant violated a mandatory condition of supervised release, by committing the federal offense of Bank Robbery.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of eighteen (18) months, to be served consecutively with his term of imprisonment on the Bank Robbery conviction with no further term of supervised release other than that imposed in connection with the Bank Robbery conviction.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein. Therefore, the court may act on the report and recommendation immediately.

SIGNED this __8__ day of November, 2006.

_____
Earl S. Hines
United States Magistrate Judge